————————o————————

No. 6835.

## JOHN A. COZZO v. PHILIP ULRICH.

### Syllabus.

1.  A movable object continues in the possession of an artisian, so as to preserve his lien thereon, as long as he continues to work thereon even though the object remain upon the premises of the owner.

2.  The artisan's lien exists not only for the value of the labor done, but also for that of his materials furnished.

137

3. The artisan's lien enures not alone to the benefit of the workman who does the work himself, but also to the benefit of a contractor who does the work through others employed by him.

4. The artisan's lien upon movable objects includes the right of pledge and detention, and hence is superior to the .vendor's privilege upon movables, which is a mere right of preference.

Appeal from the Civil District Court, Parish of Orleans, No. 114,142, Division "A", Honorable T. C. W. Ellis, Judge. Affirmed.

Ker & Feliu, for plaintiff and appellee.

. L. A. Morphy, for appellant.

Dinkelspiel, Hart & Davey, Attorneys.
Philip Ulrich, in *propria persona.*

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This controversy involves the question whether or not plaintiff has an artisan's lien upon a certain automobile, and if so, whether or not same is superior to the vendor's lien claimed by the third opponent, Peter Kaul, Jr.

The automobile was sold and delivered by Kaul to Ulrich, and part of the price is still due and unpaid.

The machine being out of order Ulrich sent Cozzo to repair it, and Cozzo, with the help of a workman made the repairs at a cost of $125, ten dollars of which represents materials furnished and the rest labor done.

The repairs were made upon the machine, whilst the same lay in the premises of Ulrich, and when Cozzo took the machine upon the street to try it, it was forcibly (though not violently) taken from his possession.

We are of opinion that as long as an artisan or workman is actually at work making or repairing a movable ob-

ject, the same continues in his possession within the meaning of Art. 3217 C. C. granting such artisan or laborer a lien for his compensation, even though the object be allowed to remain on the premises of the owner who has employed him.

For all laws must be interpreted according to the rules of common sense, and so as to carry out the manifest legislative intent. And it is quite clear that the purpose of the Code was to secure the artisan's compensation by a lien upon the object until by delivering same to the owner, he manifests an intent to relinquish his lien and trust entirely to the credit of the owner. Nothing in the law requires that the laborer should remove the object from the premises, and in cases where the object is bulky it would seem unreasonable to do so.

Indeed the somewhat analogous articles of the Code on the lease of labor, (C. C. 2758, 2759, 2760, 2761) show us that when the work is by the job, delivery to the owner cannot be made before the work is finished, until which time the object remains at the risk of the workman.

For the same reasons, and by the same analogies, we think the artisan's lien covers not only his labor, but also the material by him furnished, for it is clear that the law, by putting the thing at the risk of the artisan until its delivery, treats him more as the owner of the object than as having a mere claim thereon.

Likewise we think for the same reasons, that the lien exists not only in favor of an artisan who does the work with his own hand, but in favor of one who has contracted for the work, though he may have had it done by another; for the fact is that to the extent of the labor done and materials furnished he is to be considered as owner of the object.

We do not think the case of *Guion v. Brown*, 6 An., 112, at all applicable here.

That concerned a matter of general privilege and not a special privilege giving a right of detention or pledge as in this case.

For an artisan has a right of pledge (*Gayarre v. Tunnard*, 9 An., 254), and the presumption is that there has been added to the value of the object, the full value of the materials furnished and labor done thereon.

We likewise think that the artisan's lien is superior to the vendor's privilege, for the reason that the vendor's right is a mere privilege, or right of preference, whilst the artisan's lien is a right of pledge, which includes the right to **retain** the object until payment (9 An., 254).

The judgment appealed from seems to us correct and should be affirmed.

Judgment affirmed.

Opinion and decree, December 18, 1916.